DEPARTMENT OF VOCATIONAL AND TECHNICAL EDUCATION — WORKMANS' COMPENSATION AND OTHER INSURANCE The State Department of Vocational and Technical Education may legally provide workman's compensation insurance for its employees, however, the Department is authorized to exercise dis cretion in determining which employees are engaged in "hazardous work", and therefore, qualified for coverage under the terms of the Workman's Compensation Law, 85 O.S. 2 [85-2](b) (1970). The Department of Vocational and Technical Education does have adequate authority to purchase liability on motorized vehicles pursuant to the terms of 47 O.S. 158.1 [47-158.1] (1970). Where Federal funds are provided and directed for the purpose of paying accident insurance premiums and routine medical expenses for trainees engaged in Department programs, the Department may legally expend the Federal funds for such purposes, but where specific State authority cannot be found, such monies cannot be expended for such purposes. The Attorney General has considered your letter in which you have asked several questions regarding the authority of the State Department of Vocational and Technical Education to make expenditures for the purchase of diverse insurance coverage. In particular you ask the following questions: "1. In view of the current state insurance program which provides health and accident insurance and group life insurance for all state employees, may the State Department of Vocational and Technical Education legally provide workmen's compensation insurance for its employees? "2. If the answer to the first question is in the affirmative, may the Department select the employees who will be provided workmen's compensation insurance coverage, such as those in positions which are considered dangerous or hazardous, or must all employees of the Department be provided coverage?" "3. Does the Department of Vocational and Technical Education have the authority to carry liability insurance on trucks, pickups, vans and automobiles owned by the Department and to pay the cost of such premiums from state and federal funds? "4. May the Department of Vocational and Technical Education legally expend state of federal funds to provide accident insurance for student trainees in training programs conducted by the Department? "5. May the Department of Vocational and Technical Education legally expend state or federal funds to provide routine medical services for student trainees in training programs conducted by this department?" The state insurance program to which you refer in questions 1 and 2 was established in 1967 and as amended appears in Title 74 O.S. 1301 [74-1301] (1970) et seq. "The State Employees Group Health and Life Insurance Act" provides for a uniform plan of accident and health and life insurance coverage for all employees of the State of Oklahoma. It does not, however, have any direct bearing upon the question of include that condemnation proceedings instituted as prescribed by 66 O.S. 57 [66-57] renders a fee simple title. General property law provides that a lesser estate can be conveyed by warranty deed. It is assumed, that your question refers to the conveyance of a fee simple title by warranty deed. The pertinent statutes with regard to warranty deeds are 16 O.S. 19 [16-19] and 16 O.S. 29 [16-29], which provide, respectively:" 19. Warranty deed conveys what — Implied Terms — A warranty deed made in substantial compliance with the provisions of this chapter, shall convey to the grantee, his heirs or assigns, the whole interest of the grantor in the premises described, and shall be deemed a covenant on the part of the grantor, that at the time of making the deed he is legally seized of an indefeasible estate in fee simple of the premises and has good right and full power to convey the same; that the same is clear of all incumbrances and liens, and that he warrants to the grantee, his heirs, and assigns, the quiet and peaceable possession thereof, and will defend the title thereto against all persons who may lawfully claim the same, and the covenants and warranty shall be obligatory and binding upon any such grantor, his heirs and personal representatives as if written at length in such deed." "29. Fee simple — Exception — Every estate in land which shall be granted, conveyed or demised by deed or will shall be deemed an estate in fee simple and of inheritance, unless limited by express words." It is therefore, the opinion of the Attorney General that both of the questions propounded herein be answered in the negative, for the following reasons. There is no distinction between the extent of the estate acquired by warranty deed or condemnation proceedings, providing the acquisition in perpetuity is reasonably necessary for the public purpose. Although estates acquired by warranty deed do carry rights of guarantee and warranty, there is no distinction as to the extent of the estate conveyed. Also, it is concluded that covenants restricting the use of property to residential purposes only is not binding upon school districts acquiring such property for school purposes, and this result is not altered, if the property is acquired by either warranty deed or condemnation proceedings. (Michael D. Tinney)